# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA
### TERRE HAUTE DIVISION

| | | |
|---|---|---|
| WILLIAM  WILLIAMS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Cause No. 2:14-cv-00314-WTL-WGH |
| | ) | |
| PAMELA  NATION, | ) | |
| | ) | |
| Defendants. | ) | |

## Entry Discussing Motion for Summary Judgment

Plaintiff William Williams, a former inmate of the Wabash Valley Correctional Facility, brings this action under 42 U.S.C. ▪1983, against Nurse Pamela Nation alleging that she caused him harm by providing him Ibuprofen despite his allergy to that medicine in violation of the Eighth Amendment. Nurse Nation moves for summary judgment. Mr. Williams responded and Nurse Nation replied.

## I. Summary Judgment Standard

Summary judgment shall be granted where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). In ruling on a motion for summary judgment, the Court must view the evidence in the light most favorable to the nonmoving party. *SMS Demag Aktiengesellschaft v. Material Scis. Corp.*, 565 F.3d 365, 368 (7th Cir. 2009). All inferences drawn from the facts must be construed in favor of the non-movant. *Moore v. Vital Prods., Inc.,* 641 F.3d 253, 256 (7th Cir. 2011). To survive summary judgment, the "nonmovant must show through specific evidence that a triable issue of fact remains on issues on which he bears the burden of proof at trial." *Warsco v. Preferred Technical Grp.,* 258 F.3d 557, 563 (7th Cir. 2001) (citing *Celotex Corp. v. Catrett,* 477

U.S. 317, 324 (1986)). If the evidence on record could not lead a reasonable jury to find for the non-movant, then no genuine issue of material fact exists and the movant is entitled to judgment as a matter of law. *See McClendon v. Ind. Sugars, Inc.*, 108 F.3d 789, 796 (7th Cir. 1997). At the summary judgment stage, the court may not resolve issues of fact; disputed material facts must be left for resolution at trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50 (1986).

## II. Undisputed Facts

Mr. Williams's medical records indicate that he is allergic to tramadol, ibuprofen, and ingredients contained in Bactrim, all of which cause a rash or hives.  His medical records also demonstrate a history of chronic skin conditions and allergic reactions of unknown origin.

Mr. Williams alleges that on June 16, 2014, Nurse Nation knowingly administered the wrong medication to him. When she provided him with a medication he did not recognize, he told her he was allergic to ibuprofen and aspirin. He asserts that she told him the medication was Neurontin and that he should take it. Later that day, Nurse Nation examined Mr. Williams, who presented to medical with a rash and complaining of a possible allergic reaction. Because she was aware of his history of allergic reactions, Nurse Nation immediately sent him to the infirmary for treatment. Mr. Williams was examined by Dr. Naveen Rajoli, who noted the gradual onset of a rash on his head and neck. Dr. Rajoli noted that the rash occurred "continuously." Mr. Williams reported that his symptoms were aggravated by unknown pills that he had taken orally. He also suffered from an elevated heart rate, which Mr. Williams asserts is another symptom of an allergic reaction. Mr. Williams was provided with antihistamines and systemic steroids which relieved the rash. Dr. Rajoli noted Mr. Williams's history of allergies and Mr. Williams stated he was allergic to aspirin. Mr. Williams had exhibited symptoms of allergic reactions several times before and the

symptoms he displayed on June 16, 2014 were similar to symptoms he reported on previous occasions.

Despite the rash, Dr. Rajoli noted that Mr. Williams appeared to be in no apparent distress. Dr. Rajoli did not conclusively determine the cause of the allergic reaction, but assessed him with "atopic dermatitis and related conditions," the same diagnosis that had been made on April 15, 2014. He administered two antihistamine injections to control Mr. Williams's symptoms. Within a reasonable degree of medical certainty, Mr. Williams' condition on June 16, 2014, could have been caused by a number of things and could have been a recurrence of his chronic atopic dermatitis.

From June 16, 2014, the date of the incident at issue to January 29, 2015, Mr. Williams filed no Health Care Requests or otherwise indicated to medical staff that the reaction on June 16, 2014, caused him any serious injury. Mr. Williams states that he did file Health Care requests on August 23, 2014, and November 6, 2014, complaining of stomach cramps and pain dating back to the incident.

Nurse Nation testified that she never knowingly gave Mr. Williams ibuprofen, aspirin, or Neurontin, and the medical records do not show that Mr. Williams received or took those medications. To the extent that she may have given him the wrong medication, it was an inadvertent mistake and was not intentional. The June 2014 Medication Administration Record ("MAR") shows that, on June 16, 2014, Mr. Williams was administered only Wellbutrin, perphenazine (Trilafon), clindamycin, and metoprolol, medications for which he had a prescription. Nurse Nation's initials (PN) on the MAR show that, on June 16, 2014, she administered Mr. Williams his a.m. doses of Wellbutrin, Trilafon, clindamycin, and metoprolol,

as well as his 3:30 p.m. dose of clindamycin. The MAR shows that she gave him no other medications on June 16, 2014.

### III. Discussion

Mr. Williams claims that Nurse Nation was deliberately indifferent to his serious medical needs by knowingly giving him a medication to which he was allergic. To support this claim, Mr. Williams must demonstrate two elements: (1) an objectively serious medical condition; and (2) deliberate indifference by the prison official to that condition. *Johnson v. Snyder,* 444 F.3d 579, 584 (7th Cir. 2006).

A. *Serious Medical Condition*

Nurse Nation argues that Mr. Williams's deliberate indifference claim fails because he did not suffer from a serious medical condition. She argues that while he was sent to the infirmary on June 16, 2014, with a rash, he received injections for the rash, that despite the rash, he appeared to be in no distress and a few hours later he saw his mental health provider, who did not note that Mr. Williams was in any distress. She further argues that Mr. Williams did not seek treatment for the alleged reaction after June 16, 2014.

Mr. Williams argues that he did suffer a serious medical injury because he required two injections to treat the reaction. He also states that the fact that his mental health provider did not note his allergic reaction is irrelevant because that provider was treating him only for mental health, not physical, issues. Finally, Mr. Williams argues that since the alleged allergic reaction, he has suffered from stomach cramps and abdominal pain and that he was found once unresponsive on his cell floor in August of 2014.

"An objectively serious medical need is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the

4

necessity for a doctor's attention." *King v. Kramer,* 680 F.3d 1013, 1018 (7th Cir. 2012) (internal quotation omitted). Not every ailment is a serious medical need. For example, a prison medical staff's refusal to "dispense bromides for the sniffles or minor aches and pains or a tiny scratch or a mild headache or minor fatigue ... does not violate the Constitution." *Cooper v. Casey,* 97 F.3d 914, 916 (7th Cir. 1996); *Gibson v. McEvers,* 631 F.2d 95 (7th Cir. 1980) (failure to treat a common cold does not violate Eighth Amendment); *Henderson v. Sheahan*, 196 F.3d 839, 846 (7th Cir. 1999) ("the injuries of which Henderson complains—breathing problems, chest pains, dizziness, sinus problems, headaches and a loss of energy—are, objectively speaking, relatively minor.").

Here, Mr. Williams has failed to show that he suffered from an objectively serious medical condition. On June 16, 2014, he presented to medical with a rash from a suspected allergic reaction and was treated for that rash. There is no evidence that the rash continued beyond that day. This is insufficient to show that he suffered from a serious medical condition. Mr. Williams argues that he suffered severe side-effects as a result of the alleged allergic reaction including anxiousness and irritability the day of the reaction, stomach cramps and abdominal pain, and sometime later, loss of consciousness. But Mr. Williams has provided no evidence to support a conclusion that these conditions are related to the allergic reaction at issue here. First, Nurse Nation has presented evidence that the allergic reaction could have been caused by a number of things and could have been a recurrence of his chronic dermatitis. While Mr. Williams has presented articles and web pages from the internet regarding the possible side effects of ibuprofen, these articles are inadmissible. *United States v. Jackson*, 208 F.3d 633, 637 (7th Cir. 2000) ("[A]ny evidence procured off the Internet is adequate for almost nothing, even under the most liberal interpretations of the hearsay exception rules."). Further, even if Mr. Williams' internet research were considered, it would merely show some possible side effects of ibuprofen. It provides no support for the

conclusion that the allegedly improper administration of ibuprofen to Mr. Williams resulted in long-lasting stomachaches or caused him to lose consciousness on one occasion two months later.

   B. *Deliberate Indifference*

   Even if the Court were to assume that Mr. Williams presented a serious medical need, Nurse Nation also argues that she did not exhibit deliberate indifference to Mr. Williams' serious medical needs. Mr. Williams argues that she was deliberately indifferent by providing him medication to which she knew he was allergic.

   The deliberate-indifference inquiry has two components. "The official must have subjective knowledge of the risk to the inmate's health, and the official also must disregard that risk." *Gayton v. McCoy*, 593 F.3d 610, 620 (7th Cir. 2010). Even if an official is aware of the risk to the inmate's health, "he is free from liability if he 'responded reasonably to the risk, even if the harm ultimately was not averted.'" *Id.* (quoting *Farmer v. Brennan,* 511 U.S. 825, 843 (1994)). Negligence cannot support a claim of deliberate indifference; nor is medical malpractice a constitutional violation. *Estelle v. Gamble*, 429 U.S. 97, 105 (1976). The official must act with "a sufficiently culpable state of mind." *Walker v. Benjamin,* 293 F.3d 1030, 1037 (7th Cir. 2002).

   There remains a dispute of fact over whether Nurse Nation provided Mr. Williams the wrong medication. Although Mr. Williams alleges that Nurse Nation provided him with ibuprofen knowing he was allergic to it, the medical records show no provision of ibuprofen. More importantly, Mr. Williams' own testimony and the affidavits he presents from other witnesses state that Nurse Nation gave Mr. Williams Neurontin, not ibuprofen. There is no evidence to support a conclusion that she provided Mr. Williams ibuprofen knowing that he was allergic to it. At most, Mr. Williams has shown that she incorrectly provided him with Neurontin. This might support a negligence claim, but does not support a deliberate indifference claim. *See Pierson v. Hartley,* 391

6

F.3d 898, 902 (7th Cir. 2004) ("Negligence on the part of an official does not violate the Constitution, and it is not enough that he or she should have known of a risk. Instead, deliberate indifference requires evidence that an official actually knew of a substantial risk of serious harm and consciously disregarded it nonetheless."). In fact, courts have regularly held that allegations that a nurse gave an inmate the wrong medication on one occasion "at best" constitute a claim of negligence, not deliberate indifference. *Holland v. Corizon*, No. 1:14-cv-1442-JMS-DKL, 2014 WL 5308104, at *1 (S.D. Ind. Oct. 15, 2014); *Davis v. Baker*, No. 1:08-cv-1310-WTL-JMS, 2010 WL 779502, at *2 (S.D. Ind. Feb. 26, 2010); *Richmond v. Dart*, No. 12C0954, 2012 WL 567245, at *1-2 (N.D. Ill. Feb. 17, 2012) (unpublished) ("While the incident is regrettable, Plaintiff is not entitled to recovery under 42 U.S.C. § [1983] for receiving the wrong medication on one occasion."); *Wilson v. Patterson*, No. 3:10-cv-123-RM, 2010 WL 1541174, at *2-3 (N.D. Ind. Apr. 16, 2010) (unpublished) (finding that the plaintiff receiving the wrong medication on one occasion "might conceivably state a claim for medical malpractice or negligence based on these facts . . . , but his allegations don't rise to the level of establishing deliberate indifference in violation of the Eighth Amendment"). Mr. Williams has therefore failed to show that Nurse Nation was deliberately indifferent to his serious medical needs.

### III. Conclusion

No reasonable jury could find that Mr. Williams suffered from an objectively serious medical condition to which Nurse Nation was deliberately indifferent. Accordingly, Nurse Nation's motion for summary judgment [dkt 38] is **granted**. Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 12/10/15

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

William Williams
12046 W. State Road 67
Apt. 3
New Albany, IN 47320

All electronically registered counsel